(7 Misc. Rep. 158.)

SMITH v. AMERICAN SOCIETY FOR PREVENTION OF CRUELTY TO ANIMALS.

(Common Pleas of New York City and County, General Term.   February 5, 1894.)

CONTRIBUTORY NEGLIGENCE — COLLISION OF VEHICLE HAVING RIGHT OF WAY.
    It is contributory negligence not to turn out of the way of an ambulance of the society for prevention of cruelty to animals, which, under Laws 1879, c. 186, has the right of way in the streets.

Appeal from eighth district court.

Action by Michael J. Smith against the American Society for the Prevention of Cruelty to Animals to recover damages for injuries to plaintiff's wagon, sustained in a collision with defendant's ambulance, caused by the alleged negligence of the driver of the ambulance.   From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Horace Russell and Jabish Holmes, Jr., for appellant.

James F. Higgins, for respondent.

BISCHOFF, J. It is indisputable, upon all the evidence, that the collision of which plaintiff complains was the result of recklessness or carelessness on the part of the person in charge of his wagon at the time. Shortly before the accident, defendant's ambulance was proceeding up town on the up-town, or easterly, car track on Broadway, between Forty-Eighth and Forty-Ninth streets, and immediately in the rear of a car. At this time plaintiff's wagon was coming down town on the right side of the center of the roadway, and about three feet distant westerly from the westerly rail of the westerly, or down-town, track, and in the full and unobstructed view of the approaching ambulance. Intending to get out of the way of the car by which the ambulance's course was obstructed, the driver of the latter crossed the roadway into the westerly, or down-town, track, the wheels of the ambulance projecting about a foot beyond the rails, along which he continued in an up-town direction to a point where, seeing an approaching down-town car, he attempted to turn again into the easterly, or up-town, track. In doing so, one of the wheels of the ambulance was caught in the rail, and the ambulance was swung about violently in a westerly direction just as plaintiff's wagon had reached a point in its course which was about three feet distant westerly from the westerly rail of the westerly, or down-town, track, and immediately opposite the ambulance. Thus the two vehicles collided.

The ambulance was entitled to the right of way. Laws 1879, c. 186; 3 Rev. St. (Banks Bros.' 7th Ed.) p. 2086. Hence, it was incumbent upon those in charge of plaintiff's wagon, upon seeing the ambulance approaching in an opposite direction, to deviate from their course sufficiently to enable the ambulance to turn out of the down-town track to avoid its collision with a car approaching towards it on the same track. Instead of so doing, those in charge of plaintiff's wagon persisted in their course, thus leaving the driver of the ambulance no means of escape but to turn to the right, or easterly, side of the roadway, which he attempted to do, when the collision occurred, as already stated. The inference, therefore, is irresistible either that, seeing the ambulance, the persons in charge of plaintiff's wagon disregarded it and its right of way, or that they failed to use the ordinary precaution of persons driving along the public highways or city streets to be on the alert for vehicles approaching in opposite direction, and so failed to see the ambulance. In either case, therefore, the collision was the fault of those to whom plaintiff had intrusted his wagon for the time being, and not of the driver of the ambulance. Judgment reversed, with costs to abide the event, and new trial ordered.